IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Janice Marie Cross, ) | C/A NO. 3:11-1010-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER DENYING** |
| ) | **"EMERGENCY PETITION for** |
| v. ) | **INJUNCTIVE RELIEF and** |
| ) | **TEMPORARY RESTRAINING** |
| ) | **ORDER"** |
| Deutsche Bank Trust Company Americas ) | |
| as Trustee for RALI2007QS8, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| John David Cross, ) | |
| ) | |
| Intervenor. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint and "Emergency Petition for Injunctive Relief and Temporary Restraining Order."[1]

**BACKGROUND**

Plaintiff invokes the jurisdiction of this court under 28 U.S.C. § 1332(a)(2), seeking to enjoin her eviction from her residence, allegedly scheduled to occur May 2, 2011. Defendant is listed as "Deutsche Bank Trust Company Americas as Trustee for RALI2007QS8" (Deutsche Bank), which Plaintiff maintains is a foreign corporation having its principal place of business in New York, New York.

---

[1] This matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2)(e), DSC. However, due to the impending date by which Plaintiff seeks relief, the undersigned has exercised authority to withdraw the reference as to this issue and resolve the motion without a Report and Recommendation.

1

On November 16, 2009, Defendant initiated a foreclosure action in the Lexington County Court of Common Pleas against Plaintiff. The case was referred to the Lexington County, South Carolina Master-in-Equity for resolution. A review of the public records index reveals that this matter was closed on January 21, 2011, by a judgment of foreclosure. The last filing posted in the public records index is a "Master's Statement of Receipts & Disbursements," filed April 14, 2011.[2]

Plaintiff contends that (for a litany of reasons) she was denied procedural due process in the state court action and that the "master's deed of March 28, 2011 is therefore an unlawful conveyance." Compl. at 22 (Dkt. # 1, filed Apr. 28, 2011). Plaintiff seeks injunctive relief in the form of a temporary restraining order to stop her impending eviction, apparently scheduled for May 2, 2011. The unsigned certificate of service attached to Plaintiff's complaint indicates that pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant is being served by certified mail with this "Emergency Petition." Defendant has not, therefore, yet made an appearance in this action.

**STANDARD**

*Anti-Injunction Act*

To the extent Plaintiff's motion for a preliminary injunction seeks to enjoin a pending state action by enjoining the execution of the foreclosure order, the Anti-Injunction Act precludes such an injunction. Title 28, United States Code § 2283 mandates that except in certain circumstances "[a] court of the United States may not grant an injunction to stay proceedings in a State court . . . ." The Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the

---

[2]Plaintiff does not include copies of documents from that action which might reveal more specific information.

Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion). These three exceptions are injunctions: (1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments. *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146 (1988); *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287-88 (1970). None of these exceptions applies here.

*Rooker-Feldman Doctrine*

To the extent Plaintiff's motion seeks to challenge the state judgment issued by the Master-in-Equity for Lexington, this court lacks subject matter jurisdiction to review that judgment based upon the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions; "rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court."[3] *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (clarifying that the *Rooker-Feldman* doctrine bars a federal court from asserting jurisdiction in only the following types of cases: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The *Rooker-Feldman* bar extends not only to issues actually presented to and decided by a state court, but also to issues that are "inextricably intertwined" with questions ruled on by a state court. *Plyler*, 129 F.3d at 731. A federal claim is "inextricably intertwined" with a state court decision where, "in

---

[3]The *Rooker-Feldman* doctrine is derived from the United States Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

3

order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). *Rooker-Feldman*, therefore, applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Plyler*, 129 F.3d at 733; *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000). *See also Mickens v. Tenth Judicial Circuit*, 181 Fed. Appx. 865, 874-75 (11th Cir. 2006) (noting that "the *Rooker-Feldman* doctrine can bar injunctive relief as well as other forms of relief" and holding that district court lacked jurisdiction over plaintiffs' request for preliminary injunction to enjoin mortgage foreclosure sale of their property) (unpublished), *cert. denied*, 549 U.S. 1096.

Here, through the filing of this complaint and emergency petition, Plaintiff is clearly attempting to attack the validity of the state court foreclosure proceedings, particularly the judgment of foreclosure and "master's deed." Relief would clearly require this court to invalidate the judicial findings made in the state court foreclosure action. *Accord Givens v. Homecomings Fin.*, 278 Fed. App'x. 607, at *2 (6th Cir. 2008) (unpublished) (where a mortgagor brought a FDCPA claim against a mortgagee after a state court granted the mortgagee possession of the residence due to the mortgagor's default, upholding the trial court's ruling that it lacked jurisdiction under the *Rooker-Feldman* doctrine, since the FDCPA action was effectively an attempt to appeal the state court order); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x. 487, at *2 (6th Cir. 2005) (unpublished) (upholding the trial court's ruling that it lacked jurisdiction under the *Rooker-Feldman* doctrine, stating "[t]hat the plaintiffs' [fair debt collection practices and other] claims are indeed 'inextricably intertwined' is evident from the fact that there is simply no way for

4

this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court"); *Done v. Wells Fargo Bank, N.A.*, No. 08-cv-3040 (JFB)(ETB), 2009 WL 2959619, at *3-5 (E.D.N.Y. Sept. 14, 2009) (stating that the plaintiff's federal lawsuit, in which the plaintiff was complaining of the injury from losing his home after a state foreclosure proceeding, was "squarely foreclosed by the *Rooker-Feldman* doctrine," and was alternatively barred by claim preclusion and collateral estoppel); *Burlinson v. Wells Fargo Bank, N.A.*, Civil No. 08-cv-01274-REB-MEH, 2009 WL 646330, at *6 (D.Colo. Mar. 9, 2009) (stating that "any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by *Rooker-Feldman* ").

*Claim Preclusion*

Even if Plaintiff were not precluded under the *Rooker-Feldman* doctrine, the doctrine of res judicata, or claim preclusion, would nevertheless bar Plaintiff from bringing her claims here. *See* 28 U.S.C. § 1738. Under 28 U.S.C. § 1738, known as the Full Faith and Credit Statute, federal courts must give the same preclusive effect to a state court judgment as another court of that state would give. Under South Carolina law,

> Res judicata bars a subsequent suit by the same parties on the same issues. Res judicata is shown if (1) the identities of the parties is the same as a prior litigation; (2) the subject matter is the same as the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction.

*Johnson v. Greenwood Mills, Inc.*, 452 S.E.2d 832, 833 (S.C. 1994) (citations omitted). "A litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." *Hilton Head Center of South Carolina, Inc. v. Pub. Service Comm'n of South Carolina*, 362 S.E.2d 176, 177 (S.C. 1987); *see also* James F. Flanagan, South Carolina Civil Procedure 649-55 (1996) (explaining three basic tests used in res judicata

analyses). The primary purposes of the doctrine, commonly known today as claim preclusion, are to bring an end to litigation and prevent a defendant from being forced to repeatedly defend the same action. *See* 50 C.J.S. Judgment §§ 697, 702 (1997).

*Injunctive Relief*

Finally, even if the court had authority to grant injunctive relief in this case, Plaintiff has failed to establish all of the required elements to obtain an injunction. A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, ___, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F. 3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds*, 558 U.S. ___, 130 S. Ct. 2371 (2010), *reissued in part*, 607 F.3d 355 (4th Cir. 2010), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[4] A plaintiff must make a clear showing that she is likely to succeed on the merits of her claim. *Winter*, 129 S. Ct. at 376; *Real Truth*, 575 F.3d at 345-46. Similarly, she must make a clear showing that

---

[4]In *Real Truth*, the Fourth Circuit modified its prior approach, which required district courts to balance the likelihood of irreparable harm to each party as a "first step" in its analysis, and then to consider the likelihood of success only as a secondary matter, dependent upon the outcome of the initial balance-of-hardships test. *See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). The Supreme Court recently vacated *Real Truth* and remanded the case for further consideration in light of *Citizens United v. Federal Election Comm'n*, 558 U.S. ___, 130 S. Ct. 876 (2010), which related to corporate electioneering communications under the First Amendment. *See Real Truth About Obama, Inc. v. FEC*, 558 U.S. __, 130 S. Ct. 2371 (2010). The Fourth Circuit remanded the First Amendment-related aspects of the case to the district court but reissued, *inter alia*, the portion of the 2009 opinion setting forth the *Winter-Real Truth* preliminary injunction standard. *See Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010).

she is likely to be irreparably harmed absent injunctive relief. *Winter*, 129 S. Ct. at 374-76; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346-47.[5] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 129 S. Ct. at 376-77).

For the reasons set forth above, Plaintiff has not made a showing that she is likely to succeed on the merits of her claim. *See Winter*, 129 S. Ct. at 376; *Real Truth*, 575 F.3d at 345-46.

### CONCLUSION

Accordingly Plaintiff's emergency petition for injunctive relief and temporary restraining order is **denied**. This matter is re-referred to the Magistrate Judge for further pretrial proceedings including the pending motion to intervene (Dkt. #3).

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 28, 2011

---

[5] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if she demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 129 S. Ct. at 375-76.

7