IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janice Marie Cross; and<br>John David Cross, Husband and Intervenor,<br><br>      Plaintiff,<br><br>vs.<br><br>Deutsche Bank Trust Company Americas as Trustee for RALI2007QS8,<br><br>      Defendant.<br>_____ | ) C/A No.: 3:11-1010-CMC-PJG<br>)<br>)<br>)<br>)<br>) **REPORT AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

  Plaintiff, proceeding *pro se*, files this matter seeking to enjoin her eviction from her residence, which was scheduled to occur on May 2, 2011. In an Order entered by the assigned United States District Judge on April 28, 2011, emergency injunctive relief was denied, and the matter was referred to the assigned United States Magistrate Judge for further pre-trial proceedings.

  Plaintiff files this matter alleging that defendants have engaged in securities fraud, have violated the Fair Debt Collection Practices Act ("FDCPA"), have violated the Truth-in-Lending Act ("TILA"), and have committed criminal acts by forging documentation in violation of 18 U.S.C. § 474. In addition to the allegations of "federal question" jurisdiction, Plaintiff maintains this court has diversity jurisdiction over this matter because the Defendant is a foreign corporation with its principal place of business in New York, New York.

## BACKGROUND

  These allegations arise out of a November 16, 2009, proceeding wherein the Defendant initiated a foreclosure action in the South Carolina Court of Common Pleas in



Lexington County against Plaintiff. The case was referred to the master-in-equity for resolution. A review of the public records index reveals that this matter was closed on January 21, 2011, by a judgment of foreclosure.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated

*PJG*

liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Although pleadings are to be construed liberally, where a right or immunity created by the Constitution or laws of the United States is an essential element of the cause of action, it is incumbent upon the plaintiff to adequately and properly allege jurisdictional facts according to the nature of the case. Montgomery v. Mississippi, 2007 WL 2011287 (S.D. Miss. 2007); Fed. R. Civ. P. 8(a). To establish federal question jurisdiction, plaintiff bears the burden of demonstrating that a substantial question of federal law is raised by her complaint. The general rule governing pleading federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute. Lopes v. Vieira, 488 F. Supp. 2d 1000 (E.D. Cal.2007). Further, a mere allegation that a federal statute has been violated is not sufficient. Scott v. Wells Fargo Home Mortgage Inc., 326 F. Supp. 2d 709 (E.D. Va. 2003).

In this case, Plaintiff's Complaint requests solely injunctive relief, seeking to restrain the completion of the foreclosure of her home by challenging the judgment of foreclosure entered by the state court. Merely referencing that certain federal laws have been violated, such as the Truth in Lending Act and Fair Debt Collection Practices Act, does not render



jurisdiction appropriate in this case. See Republic Finance v. Cauthen, 343 F. Supp.2d 529, 532 (N.D. Miss. 2004) (federal jurisdiction is not invoked by merely citing a federal statute).

Furthermore, this court lacks subject matter jurisdiction to review a state court judgment under the Rooker-Feldman doctrine as previously determined by order filed April 28, 2011 of the Honorable Cameron McGowan Currie. Thus, for the same reasons that plaintiff was not entitled to any emergency relief, she is likewise not entitled to relief based on the allegations in her complaint since this court lacks subject matter jurisdiction over the issues presented.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

*(signature)*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 17, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).